UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **IN RE: SUBPOENAS TO DR. ROBERT BUYNAK** | Case No. 2:23-mc-000012<br><br>Related to Case No. 20-667-RGA<br><br>Pending in the U.S. District Court for the District of Delaware |

**BRIEF IN SUPPORT OF GOLI NUTRITION'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND THE DEPOSITION OF DR. ROBERT BUYNAK**

Pursuant to Local Rule 37-1 and pursuant to Fed. R. Civ. P. 45(g), Goli Nutrition Inc. (Canada), Goli Nutrition Inc. (Delaware), and Michael Bitensky (collectively "Goli Nutrition"), through their undersigned counsel, respectfully submit this brief in support its motion to compel the production of documents and the deposition of Dr. Robert Buynak ("Dr. Buynak") consistent with the subpoenas ("Motion to Compel"). The subpoenas served on Dr. Buynak are attached hereto and incorporated herein by reference as **Exhibit 1** and **Exhibit 2** ("Subpoena" or "Subpoenas") to the Declaration of Oscar M. Orozco-Botello ("Orozco-Botello Decl.").

**I.     Introduction**

Goli Nutrition is a party to an action pending before the United States District Court for the District to Delaware and captioned as *GOLO, LLC, v. Goli Nutrition Inc., Et. Al.*, Case No. 20-667-RGA (the "Delaware Action") involving claims of trademark infringement and false advertising and false advertising counterclaims. In association with the Delaware Action, Goli Nutrition issued the Subpoenas to Dr. Buynak to receive documents and depose Dr. Buynak. This Court is the appropriate forum to address Dr. Buynak's non-compliance as Dr. Buynak is a resident of the State of Indiana. In response, Dr. Buynak, through the same counsel representing Plaintiff

1

GOLO, LLC ("GOLO") in the Delaware Action, objected to the Subpoenas (but did not file any motions) and such objections have derailed Goli Nutrition's ability to secure documents and a date-certain for said deposition ahead of the upcoming **January 31, 2023** fact discovery cutoff and expert discovery opening reports on **February 3, 2023**.[1]

Dr. Buynak is the author of the only two studies (including a pilot study) on which GOLO relies that actually involve the GOLO products at issue in the Delaware Action, namely the Release diet pill and the GOLO diet plan. The underlying data and related documents for those studies are necessary for Goli Nutrition to evaluate GOLO's advertising claims at least on its website that "The GOLO team created Release, a patented all-natural plant and mineral based dietary supplement that is ***clinically proven to work***" (emphasis added) among the many similar and additional product and efficacy claims that GOLO makes in connection with its Release diet pill and the GOLO diet plan. *See* Orozco-Botello Decl. at ¶ 5, **Exhibit 4**.

Dr. Buynak's documents and testimony are also necessary to evaluate the validity and reliability of the studies and consequentially the veracity of the claims that GOLO is making and purportedly substantiating with Dr. Buynak's studies. *Id*. ¶ 6, **Exhibits 5-6**. For example, in the study *A randomized, double-blind, placebo-controlled study evaluating the effects of the GOLO weight management program with and without Release supplement on weight and metabolic parameters in subjects with obesity*, Dr. Buynak states that of the 68 subjects screened for the study, 20 subjects self-terminated, 11 subjects were removed for poor compliance and 3 withdrew for adverse events. *Id*. ¶ 6, **Exhibit 5**. The study provides only minimal additional information

---

[1] On January 13, 2023, after hearing argument including about Goli Nutrition's diligence in pursuing subpoenas for Dr. Buynak, Magistrate Judge Fallon in the Delaware Action issued an Order permitting Goli Nutrition to pursue the deposition of Dr. Buynak subject to this Court's merits determination. *See* Orozco-Botello Decl., ¶ 4, **Exhibit 3**. Goli Nutrition respectfully requests this Court take judicial notice of this Order.

about those participants. Goli Nutrition seeks additional information at least about those events, including because GOLO claims Release has "No unpleasant side effects." *Id*. ¶ 5, **Exhibit 4**.

GOLO's witnesses have presented contradictory testimony about the existence of the underlying study data and Dr. Buynak has claimed it does not exist but failed to provide a satisfactory explanation. GOLO's President, Jennifer Brooks, testified in mid-December 2022 that GOLO had the underlying data, while, on January 5-6, 2023, GOLO's Co-Founder and CEO, and GOLO's sole 30(b)(6) witness, testified that GOLO did not have that data. *Id*., at ¶¶ 7-8. In response to the latest message from Goli Nutrition, counsel for Dr. Buynak (who also represents GOLO) indicated that due to "his move to another company several years ago, Dr. Buynak advises that he does not have any of the underlying data from the studies that he completed for GOLO." *Id*., at ¶ 9. However, the Dr. Buynak's list the same address that Dr. Buynak's current company lists on its website. *Id*., at ¶ 6, **Exhibits 5-6**; *Id*., at ¶ 10, **Exhibit 7** ("Velocity Clinical Valparaiso was founded in 2004 by Dr. Robert Buynak as Buynak Clinical Research.").

Goli Nutrition brings this Motion to Compel insofar as Goli Nutrition and Dr. Buynak have failed to reach a resolution of the objections after meeting and conferring and Dr. Buynak has refused to produce any documents or appear for his deposition in the face of those objections. Moreover, with the discovery cutoff deadline in the Delaware Action looming on January 31, 2023, Goli Nutrition is left with no available recourse absent this Court's intervention. Thus, Goli Nutrition respectfully request that this Court compel Dr. Buynak to produce documents and sit for said deposition so that it can be completed prior to the pending close of discovery in the Delaware Action or shortly thereafter.

Given that Goli Nutrition has repeatedly sought to reach an amicable resolution and obtain compliance short of bringing this Motion to Compel, most recently on January 13, 2023, January

3

20, 2023 and January 22, 2023, Goli Nutrition also respectfully requests its reasonable attorneys' fees in connection with bringing and adjudicating this Motion to Compel.

## II. Factual Background

In the Delaware Action, Plaintiff GOLO has asserted claims against Goli Nutrition for trademark infringement, false designation of origin, unfair competition and false advertising under the Lanham Act as well as related state claims. Delaware Action, Doc. No. 124. GOLO, which offers a diet plan and diet pills, brings it claims—particularly its false advertising claims—against Goli Nutrition and its founder based primarily on Goli Nutrition's innovative gummy supplement products, including Goli Nutrition's apple cider vinegar gummy and an ashwagandha gummy.

In response, Goli Nutrition has asserted comprehensive Counterclaims against GOLO and its CEO and Co-Founder, Christopher Lundin. Delaware Action, Doc. No. 161. The Counterclaims assert claims for false advertising and unfair competition under the Lanham Act as well related state and federal claims. Goli Nutrition's Counterclaims include claims that the products and services that GOLO developed do not provide the false and/or misleading claims that GOLO has made in connection with those goods and services, including claims made in connection with GOLO's Release diet pill, which vary from suggesting things such as that consumers will lose a given amount of weight without dieting or that the pill and services help with insulin resistance.

Dr. Buynak's relevance to this advertising dispute is readily evident. GOLO prominently features Dr. Buynak's testimonial under the "Doctors Support GOLO" heading and "GOLO has proven clinical results and is safe to use with medications" subheading on the GOLO website:

> GOLO's approach has produced notable clinical results while spurring long-term lifestyle modifications in my patients. I thoroughly support the GOLO program and am anxious to continue promoting GOLO throughout the medical community.
>
> ~ **Dr. Robert J. Buynak, Internal Medicine Specialist**

*See* Orozco-Botello, Decl., at ¶ 5, **Exhibit 4**; *id*. ¶ 3, **Exhibit 2**, Request No. 14.

Apart from providing a testimonial on the main GOLO website to encourage consumers to purchase GOLO's products, Dr. Buynak is the author of the only product-specific studies that purportedly support several of GOLO's claims in connection with its diet plan and diet pill. One such study, sponsored by GOLO is titled, *Pilot study on the effects of the GOLO weight management program and RELEASE supplement on weight and glycemic control in patients with Type 2 Diabetes Mellitus and Obesity*. That study and the one mentioned above are the only two studies on the GOLO "Studies" page that tested GOLO's specific products, and Dr. Buynak authored both of those studies. Orozco-Botello Decl. ¶ 6. Those studies and the related documents and information fall well within the scope of Goli Nutrition's claims and the Subpoenas. *Id.* ¶ 3, **Exhibit 1**, Topic Nos. 2, 4, 8-11, 13, **Exhibit 2**, Requests Nos. 4, 5, 9-13.

This subpoena is properly enforced in this District given Dr. Buynak's domicile in this state. According to Dr. Buynak's LinkedIn account <www.linkedin.com/in/robertbuynak/>, last accessed January 26, 2023, Dr. Buynak is in Valparaiso, Indiana. *Id.* ¶ 11, **Exhibit 8**. Likewise, the website <velocityclinical.com/locations/velocity-clinical-research-valparaiso>, last accessed January 26, 2022, mentions Dr. Buynak as the founder and lists an address in Valparaiso. *Id.*, at ¶ 10, **Exhibit 7**. This is also confirmed by the studies on the GOLO website, which, as noted above, list that same address in Valparaiso listed on the Velocity website. *Id.*, at ¶ 6, **Exhibits 5-6**.

EAST\200197442.4

On October 15, 2022, Goli Nutrition personally served the Subpoenas on Dr. Robert Buynak. *Id*., at ¶ 3, **Exhibits 1-2**. Dr. Buynak's counsel served objections to the Subpoenas but did not challenge the merits of the Subpoenas in court. *Id*. at ¶ 12; **Exhibits 9-10**. Counsel for Goli Nutrition scheduled a telephonic meet and confer with counsel for Dr. Buynak. *Id*., at ¶ 13. Despite good faith efforts by Goli Nutrition and repeat requests for Dr. Buynak's production, including for deposition after the January 13, 2023 hearing, this Motion to Compel is necessitated by Dr. Buynak's refusal to produce any documents or appear for deposition.

### III.    Legal Standard

A party is entitled to conduct discovery on any matter that is "relevant to the claim or defenses of any party." Fed. R. Civ. P. 26(b)(1). "For the purpose of discovery, relevancy will be construed broadly to encompass 'any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case.'" *Fed Ex Ground Package Sys., Inc., Employment Practice Litg.*, 2006 WL 2604599 (N.D. Ind. 2006) (internal citations omitted.) Further, "[t]he limits and breadth of discovery expressed in Rule 26 are applicable to non-party discovery under Rule 45." *Noble Roman's, Inc. v. Hattenhauer Distrib. Co.*, 314 F.R.D. 304, 307 (S.D. Ind. 2016); *Jackson v. Brinker*, 147 F.R.D. 189, 193–94 (S.D. Ind. 1993) ("The scope of non-party subpoenas under Rule 45 is as broad as permitted under the discovery rules."). Thus, "if the material is relevant, not privileged, and is, or is likely to lead to, admissible evidence, it is obtainable by way of a subpoena." *Jackson*, 147 F.R.D. at 194.

"The party seeking to quash a subpoena under Rule 45(c)(3)(A) bears the burden of demonstrating that the information sought is privileged or subjects a person to an undue burden." *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 516 (N.D. Ind. 2012). "Factors considered in determining whether a subpoena is unduly burdensome include non-party status, relevance, the

issuing party's need for the discovery, and the breadth of the request." *DirectBuy, Inc. v. Buy Direct, LLC*, No. 2:15-CV-344-JPK, 2019 WL 3996695, at *1 (N.D. Ind. Aug. 22, 2019) (citing *Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811, 813 (N.D. Ill. 2015).

A person commanded to produce materials through a subpoena may object to production. *McClain v. Madison Nat'l Life Ins. Co.*, No. 3:11-CV-377-RL-CAN, 2013 WL 12318290, at *2 (N.D. Ind. Jan. 17, 2013) (citing Fed. R. Civ. P. 45(c)(2)(B)). "The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." *Id.* A party opposing discovery under Rule 45 "bears the burden of establishing its objections to the subpoena[]." *Jackson*, 147 F.R.D. at 194 (citing *Holifield v. United States*, 909 F.2d 201, 204 (7th Cir. 1990).

## IV.    Argument

In a dispute about the benefits and qualities that the accused GOLO products can provide, documents in Dr. Buynak's possession and related testimony are critically relevant. Information including about his studies' methodology, participant selection, participant exclusion for the GOLO diet plan and Release diet pill and understanding of what those results were (and how this was communicated to GOLO and consumers, if at all) speak directly to the false advertising claims and elements.  To establish a *prima facie* claim of false advertising under the Lanham Act, a plaintiff must sufficiently allege: (1) that the defendant has made false or misleading statements as to the defendant's own product or another's; (2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; (3) that the deception is material in that it is likely to influence purchasing decisions; (4) that the advertised goods traveled in interstate commerce; and (5) that there is a likelihood of injury to the plaintiff in terms of declining sales,

loss of good will, etc. *See Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.*, 653 F.3d 241, 248 (3d Cir. 2011).

At the very least, such documents, knowledge and testimony would be relevant to the falsity, deception and materiality elements of Goli Nutrition's false advertising claims against GOLO. By way of example, if Dr. Buynak elected to remove participants from the studies to report results that would be more alluring to consumers, this could mean that GOLO's claims are at least misleading. *See also* Orozco-Botello Decl., at ¶ 3, **Exhibit 2**, Requests Nos. 4, 5, 9-12 (pertaining to the scope of Dr. Buynak's work with GOLO, the claimed benefits of GOLO's products and Dr. Buynak's studies) and 18 (regarding GOLO's products causing unpleasant or unwanted side effects).

Dr. Buynak cannot meet the burden to withhold documents and continue to evade deposition, especially given the boilerplate objections devoid of factual support served in response to the Subpoenas. By way of example, Dr. Buynak objects to each document request "on the grounds that it seeks confidential, private and/or proprietary information belonging to other individuals or companies, including GOLO." *Id.*, at ¶ 3, **Exhibit 10.** Of course, this objection is without any merit as Goli Nutrition included a copy of the protective order with the Subpoenas and Dr. Buynak's counsel, who is also counsel for GOLO in the Delaware Action, is aware that the Protective Order covers production by third parties and enables such third parties to produce the documents as confidential or highly confidential. *Id.*, at ¶ 3, **Exhibits 1-2**.

Dr. Buynak may present arguments like those that recently failed by another witness affiliated with GOLO about burden and the overlap with the GOLO testimony. In opposition to a motion to enforce compliance with a deposition subpoena of Dr. Terry Shirvani (an alternative medicine doctor and another witness whose GOLO's attorney represented until the hearing in

Nevada), Dr. Shirvani argued that Goli Nutrition should have sought the information from GOLO, namely, during the deposition of Jennifer Brooks or GOLO's 30(b)(6) witness. On January 17, 2023, after hearing argument about relevance, argument that Goli Nutrition should have pursued the information from GOLO and argument about the scope of the deposition subpoena, the District Court for Nevada issued an order compelling Dr. Shirvani to sit for deposition without limiting any of the topics in that deposition subpoena. *See Id*., ¶ 14, **Exhibit 11**.[2]

Similarly, Dr. Buynak has highly pertinent information and a unique perspective and non-duplicative information relevant to the claims at issue in the Delaware Action. Dr. Buynak is the only author of clinical studies that actually involve GOLO products. Christopher Lundin and Jennifer Brooks, who are not doctors with clinical studies experience, could not provide testimony that Dr. Buynak, as the study author and person who had oversight over the participants and data, could provide. *See id*., at ¶¶ 6-8. The possibility that the data may not be available only makes the deposition of Dr. Buynak—who had first-hand knowledge of the studies and data—that much more pertinent.

Dr. Buynak cannot establish any valid reason to avoid producing document and appearing for deposition. As indicated above, the underlying for his studies, his methodology, results, and related notes and related testimony, including about the nature of his relationship with GOLO, would be squarely relevant to counterclaims in the Delaware Action. And, further, Goli Nutrition made preemptive efforts to avoid imposing a substantial burden on Dr. Buynak by indicating the topics for deposition in the subpoena (which is not required for an individual witness). *Cf.* Fed. R. Civ. P. 30(b)(6); *Id.* ¶ 3, **Exhibit 1**. Indeed, Goli Nutrition has no interest in engaging in unnecessary discovery as Goli Nutrition has been diligent in seeking discovery and taken and

---

[2] Goli Nutrition respectfully requests this Court take judicial notice of this Order.

9

defended a flurry of depositions (Goli Nutrition took over fourteen depositions between December and January and defended several others). *Id*., at ¶ 15. Similarly, the order in the Delaware Action limits each side to no more than a few hours of deposition time and Goli Nutrition would proceed efficiently. *Id*. at ¶ 4, **Exhibit 3**. Thus, Goli Nutrition was forced to make careful decisions about which witnesses to depose and the length of depositions and has no interest in taking a lengthy deposition of a witness that is immaterial to the action. Based on the information uncovered during discovery and recent depositions, Dr. Buynak is a key witness and the documents and deposition sought in the Subpoenas would favor resolution of the underlying dispute on the merits.

Dr. Buynak's refusal to produce a reasonable set of documents and appear for deposition would cause substantial prejudice to Goli Nutrition given the upcoming discovery deadline and necessities this Court's assistance.

### V.  Conclusion

For the foregoing reasons, Goli Nutrition requests an order compelling Dr. Buynak to produce documents and to sit for a deposition at a mutually convenient time on or before January 31, 2023, or shortly thereafter. The deposition is to occur in person at a mutually agreeable place in Valparaiso, Indiana or via remote means.

Dated: January 27, 2023　　　　　　　　Respectfully submitted,

/s/ Stephen M. Judge  
Melissa A. Reinckens (*Pro Hac Vice* forthcoming*)*  
**DLA PIPER LLP (US)**  
401 B Street, Suite 1700  
San Diego, CA 92101-4297  
Telephone: (619) 699-2700  
Facsimile: (619) 699-2701  
melissa.reinckens@us.dlapiper.com

Oscar M. Orozco-Botello (*Pro Hac Vice* forthcoming*)*  
**DLA PIPER LLP (US)**

2000 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 595-3077
Facsimile: (310) 595-3377
oscar.orozco-botello@us.dlapiper.com

Stephen M. Judge
SouthBank Legal
100 E. Wayne St., Suite 300
South Bend, IN 46601
Telephone: (574) 968-0760
Facsimile: (574) 968-0761
sjudge@southbank.lega

*Attorneys for Goli Nutrition Inc. (Canada), Goli Nutrition Inc. (Delaware) and Michael Bitensky*

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2023, I filed a copy of the foregoing document with the Clerk of the Court and served copies on all attorneys of record in the District of Delaware matter at their registered e-mail addresses.

/s/ Stephen M. Judge
Stephen M. Judge