IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **IN RE SUBPOENAS TO DR. ROBERT BUYNAK** | Case No. 2:23-mc-000012-JEM<br><br>Related to Case No. 20-667-RGA<br><br>Pending in the U.S. District Court for the District of Delaware |

**DR. ROBERT BUYNAK'S RESPONSE TO GOLI NUTRITION'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND DEPOSITION**

Dr. Robert Buynak submits this opposition to Goli Nutrition's ("Goli's") motion to compel the production of documents and his deposition (ECF 1). Goli's motion to compel should be denied because it is untimely and because of the undue burden that such a production places on Dr. Buynak, a non-party to this litigation.

**I.      Introduction**

Goli's motion to compel ignores the procedural posture of this dispute and the undue burden that its request places on Dr. Buynak. Importantly, fact discovery in the Delaware Action— from which this dispute arises—closed as of January 6, 2023. That deadline was extended by the Delaware Court for *limited* purposes, including to pursue the deposition of Dr. Buynak, *so long as* that deposition was completed by January 31, 2023. Goli's Brief in Support ("Mot."), Ex. 3 (ECF 2-5) (Delaware Action, ECF 409).[1] Any extension of that deadline now requires the parties to seek leave of the Delaware Court. *Id.* Goli has made no effort to further extend discovery through the Delaware Court, and this Court should not allow Goli to usurp the Delaware Court's explicit order.

---

[1] In this brief, Dr. Buynak cites to filings in the Delaware Action. Like Goli, Dr. Buynak respectfully requests this Court take judicial notice of the Delaware Action Order and other filings. *See, e.g.*, Mot. at 2 n.1.

1

Moreover, the motion to compel is unduly burdensome and futile. Dr. Buynak, a non-party to this litigation, has no relevant documents or information pertaining to Goli's request, which focuses on information from five to six years ago. He has already done diligence related to this request and submitted his objections. Compelling Dr. Buynak to submit to Goli's untimely request would subject him and his workplace to significant burdens. Finally, there is no need for this subpoena request as Goli can and has obtained this information from other ways, namely through expert discovery.

For these reasons, and the reasons set forth below, the motion to compel should be denied.

## II. Background

### a. Procedural Background

GOLO, LLC and Goli are parties to an action pending before the United States District Court for the District of Delaware, captioned as *GOLO, LLC v. Goli Nutrition Inc., et. al.*, Case No. 20-667-RGA (D. Del.) ("Delaware Action"). Specifically, in May 2020, GOLO sued competitor Goli in the Delaware Action, asserting claims for trademark infringement, false advertising, and unfair competition. Goli filed a cross-complaint for false advertising, and unfair competition. As pertinent here, Goli's counter-claims relate to branding and sale of GOLO's weight loss and wellness plan, including the Release dietary supplement. Delaware Action, ECF 161.

Goli has procrastinated pursuing these subpoenas related to Dr. Buynak. Goli first noticed its intention to take Dr. Buynak's deposition in October 2022. **Ex. 1** ("Stover Decl.") ¶ 2; *see also* Mot., Exs. 1 & 2 (ECF 2-3, 2-4). Dr. Buynak served his objections to the deposition subpoena and subpoena *duces tecum* on or about October 25, 2022. Stover Decl. ¶ 3; *see also* Mot., Exs. 9 & 10 (ECF 2-11, 2-12). Specifically, Dr. Buynak objected to the subpoenas because, among other reasons, Dr. Buynak is a non-party; the requested information is already in the parties' possession

2

or are equally available to the parties in a less burdensome manner to him, the non-party; the subpoenas failed to seek information with reasonable particularity; and the subpoenas failed to impose a time limitation. *See id.* Goli waited almost a month after receiving Dr. Buynak's objections, until November 22, 2022, to inquire about Dr. Buynak's objections and only did so two hours before a scheduled meet and confer. Stover Decl. ¶ 4. During a subsequent meet and confer on November 30, 2022, Goli's counsel represented that Dr. Buynak was "interchangeable" with another witness, Dr. Shirvani, and that he believed Goli would be content on obtaining just the deposition of Dr. Shirvani. *Id.* ¶ 6. Indeed, Goli maintained that Dr. Shirvani was "top of their list." *Id.*

On December 7, 2022, Goli wrote that it would be "forced to consider motions to compel compliance with subpoenas" should Dr. Buynak, among others, not agree to sit for his deposition. *Id.* ¶ 7. Having failed to reach an agreement for Dr. Buynak, Goli stated—21 days before the close of fact discovery—that it would "move to compel compliance with" its subpoena. *Id.* ¶ 8. But Goli did not move at that time. Rather, seven days prior to the January 6, 2023 close of fact discovery, Goli moved to compel Dr. Shirvani's deposition instead of Dr. Buynak's. *Id.* ¶ 10. Goli has since deposed Dr. Shirvani, its "interchangeable" and "top of their list" witness. *Id.* ¶¶ 6, 10.

Thus, fact discovery in the Delaware Action closed on January 6, 2023, with Goli having done nothing to compel Dr. Buynak's deposition.

After the January 6, 2023 close of fact discovery in the Delaware Action, the parties exchanged briefing seeking to extend the deadline for very limited purposes. In Goli's brief, filed January 11, 2023, Goli claimed to have learned of the importance of Dr. Buynak's testimony during the deposition of another fact witness, Jennifer Brooks, who was deposed on December 14, 2022. *Id.* ¶ 12; *see also* Delaware Action, ECF 401 at 6. Yet, Goli failed to move to compel Dr.

Buynak during the 23 days after Ms. Brook's deposition and before the close of fact discovery. Stover Decl. ¶ 12.

On January 13, 2023, the Court in the Delaware Action extended fact discovery to January 31, 2023, for very limited purposes. Mot., Ex. 3 (ECF 2-5) (Delaware Action, ECF 409). Specifically, as to Dr. Buynak, the Delaware Action court noted in its January 13, 2023 Order:

> Goli also seeks the deposition of Dr. Robert Buynak. (D.I. 401, Ex. 9) There appears to be no dispute that Dr. Buynak resides outside of this jurisdiction, and Goli has not yet commenced enforcement proceedings to obtain compliance with the deposition subpoena it issued on October 15, 2022. (*Id.*) **Goli may pursue the deposition of Dr. Buynak to the extent the deposition can be completed by January 31, 2023. Any extension beyond that date should be** discussed by the parties in an attempt to resolve the issue prior to ***seeking leave of court for an extension of the deadline.***
>
> Let the record be clear that these rulings are limited to extensions of time for completing the depositions in issue, and they are not to be construed as rulings on the merits . . . .

*Id.* at 3–4 (emphasis added). Thus, the Delaware Court made clear that: (1) Goli could pursue the deposition of Dr. Buynak **only to the extent the deposition could be completed by January 31**, 2023; and (2) that **any extension beyond January 31, 2023, would necessitate leave** of the Delaware Court. *Id.*

Despite the Delaware Court's observations of Goli's failure to timely seek compliance with the deposition subpoena, and failure to seek the required leave, Goli waited for two weeks from the Delaware Court's order, until January 27, 2023—indeed three days before the close of the extended fact discovery period—to move to compel Dr. Buynak's attendance through this Court. *See* Mot. Goli did not concurrently file a motion to expedite or anything that could attempt to secure an order from this Court prior to the January 31, 2023 deadline. Indeed, under this Court's rules, Dr. Buynak has until February 10, 2023—10 days after the close of the extended fact discovery—to submit this opposition. N.D. Ind. L.R. 7-1(d)(3).

4

      a.  **Factual Background**

          i.  *Dr. Buynak*

Dr. Buynak is not a party to the Delaware Action, and he is *not* an employee of GOLO or Goli. **Ex. 2** ("Buynak Decl.") ¶ 4. Instead, Dr. Buynak is employed as a principal investigator at Velocity Clinical Research. *Id.* ¶ 3. Prior to his employment at Velocity Clinical Research, and until on or after March 2020, Dr. Buynak owned Buynak Clinical Research, LLC. *Id.* ¶¶ 1–3. In that role, Dr. Buynak entered into a research agreement with GOLO to conduct two clinical studies, and those studies were conducted in 2017 and 2018. *Id.* ¶ 8. Dr. Buynak has searched for, and confirmed, that he is no longer in possession of the underlying consulting agreement, documents, or data from the two published clinical studies he completed for GOLO. *Id.* ¶ 12. At the time of conducting these studies, Dr. Buynak stored the data for the studies in an excel spreadsheet in lieu of printed records. *Id.* ¶ 9. Since then, however, Dr. Buynak has lost access to that spreadsheet because the laptop the spreadsheet was stored on was destroyed in the rain sometime after July 2019. *Id.* ¶ 10. Moreover, Dr. Buynak no longer has access to his email records from that time period. *Id.* ¶ 11. From 2017 to 2019, Dr. Buynak used the email address rbuynak@att.net; however, Dr. Buynak no longer has access to that email account and has not used that account since it was hacked on or after December 2019. *Id.* Finally, paper records from Buynak Clinical Research no longer exist as they were destroyed following the sale of Buynak Clinical Research to Velocity Clinical Research. *Id.* ¶ 12. Dr. Buynak does not recall the details of the studies conducted five and six years ago, beyond the information printed in the publicly available published materials, and he does not have access to any documents to refresh his recollection. *Id.* ¶ 13.

          ii.  *Expert Reports in the Delaware Action*

Goli purportedly seeks additional factual evidence underlying two efficacy studies performed by Dr. Buynak. On or around January 20, 2023, GOLO's counsel informed Goli that:

"Dr. Buynak continues to object to his deposition being taken as disproportionately burdensome. Due to his move to another company several years ago, Dr. Buynak advises that he does not have any of the underlying data from the studies that he completed for GOLO. Goli has copies of those studies, which were published, and are most appropriately a matter for expert discovery which begins in two weeks." Stover Decl. ¶ 14 & Ex. D to Stover Decl. (meet and confer email).

Expert reports on this topic were served by Goli on February 4, 2023, and indeed, at least one of those reports addressed Dr. Buynak's studies at length. Stover Decl. ¶ 15. Specifically, Dr. Lawrence J. Cheskin was retained by counsel for Goli to provided expert testimony as to whether certain marketing claims for GOLO's weight loss plan, including the Release dietary supplement, are adequately supported. *Id.* ¶ 16. The 27-page expert report submitted by Dr. Cheskin responds to, and criticizes, Dr. Buynak's published studies at great length. *Id.* ¶ 17. In his 85 paragraphs, Dr. Cheskin never states that the lack of deposition testimony from Dr. Buynak has impaired, hindered, or affected in any way, his ability to review and criticize Dr. Buynak's studies. *Id.* ¶¶ 17-18. To the contrary, Dr. Cheskin devotes several pages of his report to criticizing Dr. Buynak's studies with no reservations whatsoever. *Id.* Dr. Buynak is not an expert witness retained by GOLO. *Id.* ¶ 19. GOLO will serve its rebuttal expert reports on March 3, 2023. *Id.*

### III. Legal Standard

Federal Rule of Civil Procedure 45 allows a party to obtain relevant and proportional information from a non-party, provided the subpoena does not impose an undue burden. *Craigville Tel. Co. v. T-Mobile USA, Inc.*, No. 19 CV 7190, 2022 WL 17740419, at *1 (N.D. Ill. Dec. 16, 2022). "'[N]on-party status' is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue" because non-parties have a "different set of expectations than parties." *Little v. JB Pritzker for Governor*, No. 18 C 6954, 2020 WL 1939358, at *2 (N.D. Ill. Apr. 22, 2020) (quoting *United States ex rel. Tyson v. Amerigroup Ill, Inc.*, No. 02-C-6074,

2005 WL 3111972, at *4 (N.D. Ill. Oct. 21, 2005) & *HTG Capital Partners, LLC v. Doe(s)*, No. 15 C 6954, 2015 WL 5611333, at *3 (N.D. Ill. Sept. 22, 2015)). "It is one thing to subject parties to the trials and tribulations of discovery – rightly regarded as 'the bane of modern litigation,' but [non-parties] do[] not have a horse in [the] race." *Robinson v. Stanley*, No. 06 C 5158, 2010 WL 1005736, at *3 (N.D. Ill. Mar. 17, 2010) (quoting *Rossetto v. Pabst Brewing Co., Inc.*, 217 F.3d 539, 542 (7th Cir. 2000)); *Charles v. Quality Carriers, Inc.*, No. 1:08-cv-00428-RLY-JMS, 2010 WL 396356, at *1 (S.D. Ind. Jan. 28, 2010) ("[R]elevance alone may not be enough to justify a subpoena, particularly given that the undue burden calculus is more protective of non-parties than it is for parties.").

In addition to the non-party status of the subpoenaed person, courts consider a number of other factors when determining if the burden imposed by a subpoena is "undue." These factors include "relevance, need, the breadth of the document request, the time period covered by it, the particularity with which the documents are requested, [and] the burden imposed." *Gumwood HP Shopping Partners, L.P. v. Simon Prop. Grp., Inc.*, No. 3:11-cv-00268-JD-CAN, 2014 WL 12780298, at *2 (N.D. Ind. Nov. 20, 2014) (citing *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 896 (S.D. Ind. 2006)); *see also Little*, 2020 WL 1939358, at *2. Furthermore, "a court may limit discovery pursuant to Rule 26(b)(2)(c) if it determines that the requested documents can be obtained from a more convenient or less burdensome source, the requesting party had an opportunity to obtain the information through the normal discovery process, or the information sought is cumulative or duplicative of other discovery." *Little*, 2020 WL 1939358, at *2.

### IV. Argument

As set forth below, Goli's motion to compel should be denied because it is untimely and imposes and undue burden on Dr. Buynak.

### a. Goli's Motion to Compel is Untimely

As an initial matter, this motion to compel is untimely and seeks to subvert the order of the Delaware Court. Courts regularly deny motions to compel discovery or discovery requests when the request is untimely. *E.g.*, *Freeman v. Molding Prods.*, No. 3:19-cv-70-RLM-MGG, 2020 WL 1983696, at *2 (N.D. Ind. Apr. 23, 2020) ("Having failed to timely secure an extension of the discovery, Plaintiff's interrogatories and his second motion to compel were untimely and should be stricken for that reason alone."); *see also Gordon v. Ne. REMC*, No. 1:02-CV-171, 2003 WL 21919179, at *2 (N.D. Ind. June 2, 2003) ("Discovery requests not filed in sufficient time to allow the opponent to respond within the discovery period are untimely and the opponent is under no duty to comply.").

Importantly, fact discovery in the Delaware Action closed on January 6, 2023, with Goli having done nothing to compel Dr. Buynak's deposition. Fact discovery in the Delaware Action was extended to January 31, 2023, only for limited purposes. Specifically, as to Dr. Buynak, the Court noted in its January 13, 2023 Order that Goli had done nothing to compel Dr. Buynak to testify and gave Goli until January 31, 2023 to take Dr. Buynak's deposition only *if they could complete it by that time*. Mot., Ex. 3 (ECF 2-5) (Delaware Action, ECF 409). Goli did not file a motion with this Court for two weeks following that Court order, waiting instead until January 27, 2023, to file a motion with this Court, purportedly to compel Dr. Buynak's attendance on January 31, 2023, or shortly thereafter. *See* Mot. at 10. Goli did not submit with its motion a motion to expedite or anything that could attempt to secure an order from this Court prior to the January 31, 2023 deadline. Goli's motion must be denied as untimely. Fact discovery has now closed. The

8

Delaware Court provided an extended window in which Goli could take Dr. Buynak's deposition and that has now closed too. Goli has not returned to the Delaware Court to request an extension to the January 31, 2023 deadline to allow this Court time to resolve its motion to compel. This Court should not compel Dr. Buynak to sit for deposition after discovery has closed and where the Delaware Court has not permitted Goli a further extension of time to take Dr. Buynak's deposition.

Indeed, in its order granting Goli leave to pursue the deposition of Dr. Buynak, the Delaware Court specifically ordered that "Goli may pursue the deposition of Dr. Buynak *to the extent the deposition can be completed by January 31, 2023*." Mot., Ex. 3 (ECF 2-5) at 3 (Delaware Action, ECF 409). The Delaware Court specifically stated that "[a]ny extension beyond that date should be discussed by the parties in an attempt to resolve the issue prior to *seeking leave of court for an extension of the deadline.*" *Id.* (emphasis added); *cf. Gordon*, 2003 WL 21919179, at *2 (N.D. Ind. June 2, 2003) (quoting *United States v. 1948 S. Martin Luther King Dr.*, 270 F.3d 1102, 1110 (7th Cir. 2001)) ("Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation."). Yet Goli neither sought nor received an extension with the Delaware Court.

As set forth above, throughout the Delaware Action, Goli failed to diligently seek Dr. Buynak's deposition. Stover Decl. ¶¶ 2–11. This Court should not allow Goli to do something it was ordered to do weeks ago, particularly when the Delaware Court's Order was clear about the scope of its limited extension, which has since expired.

### b. Goli's Subpoena is Unduly Burdensome and Futile

This Court should also deny Goli's motion to compel because Goli's subpoena would be unduly burdensome and because Goli has not met its burden to show otherwise. A review of the relevant factors demonstrates why.

***First***, as an initial matter, Dr. Buynak's non-party status weighs heavily against the motion to compel. Dr. Buynak is neither an employee of GOLO nor a party in the litigation. Buynak Decl. ¶ 4. Courts in this Circuit regularly recognize that non-party status is a *significant* factor in determining whether the burden imposed by a subpoena is undue. *Little*, 2020 WL 1939358, at *2.

In *Little*, the court explained that before seeking discovery from a non-party, a "litigant must first attempt to obtain the discovery from another party in the lawsuit if it appears that the party would have the information that the litigant seeks." *Id.* at *7. Here, Goli's argument fails for an even more salient reason than the subpoena in *Little*: no one has the documents and information Goli seeks. Goli falsely claims that "GOLO's witnesses have presented contradictory testimony about the existence of the underlying study data"; and that "GOLO's President, Jennifer Brooks, testified in mid-December 2022 that GOLO had the underlying data, while, on January 5–6, 2023, GOLO's Co-Founder and CEO, and GOLO's sole 30(b)(6) witness, testified that GOLO did not have the data." Mot. at 3. Goli fails to cite Ms. Brooks' deposition transcript because Ms. Brooks never gave that testimony.[2] Ms. Brooks did not testify that GOLO had the underlying data for Dr. Buynak's published studies.[3] Ms. Brooks was asked whether GOLO had copies of, or access, to

---

[2] Goli cites to a declaration from one of its attorneys who did not attend Ms. Brooks' deposition. *Compare* Declaration of Oscar M. Orozco-Botello (Orozco-Botello Decl.) (ECF 2-1) ¶ 7, *with* Stover Decl., Ex. C (Brooks Dep. Tr.) at 2 (appearances of counsel).

[3] Contrary to the statement made in the Orozco-Botello Declaration (ECF 2-1) ¶ 7, Ms. Brooks testified only that GOLO had the underlying data from studies summarized by Dr. Ebersole, which were produced by GOLO. Stover Decl., Ex. C (Brooks Dep. Tr.) at 188:16–189:21.

the underlying data for Dr. Buynak's studies, and she truthfully testified: "I don't know." Stover Decl., Ex. C (Brooks Dep. Tr.) at 225:23–226:7, 229:3–5, 230:18–20 and 236:15–22. When asked—"Who would know?"—Ms. Brooks said "Chris [Lundin] may know." Stover Decl., Ex. C (Brooks Dep. Tr.) at 229:7–10. As Goli's motion notes, Mr. Lundin truthfully testified that GOLO did not have that data. Mot. at 3.

**Second,** and importantly, the breadth of the request entirely encompasses materials and information *no longer within Dr. Buynak's possession*. As Dr. Buynak's declaration makes clear: (1) he no longer has the data that he used for the GOLO studies; and (2) he no longer has access to his email that he used when managing the data. Buynak Decl. ¶¶ 9–13. Specifically, the data that Dr. Buynak collected for the studies with GOLO were stored in an excel spreadsheet on Dr. Buynak's laptop, and that laptop was destroyed sometime after July 2019 when Dr. Buynak inadvertently left the laptop in the rain. *Id.* ¶¶ 9-10. Moreover, the email account that Dr. Buynak used from 2017 through 2019, rbuynak@att.net, was hacked sometime after December 2019, and Dr. Buynak discontinued use of that email address and no longer has access to communications sent from that email account. *Id.* ¶ 11. Further, after Dr. Buynak sold Buynak Clinical Research to Velocity Clinical Research, the storage room at the clinical facility was moved and all of the records from Buynak Clinical Research were destroyed. *Id.* ¶ 12. Moreover, Dr. Buynak did a search for, and confirmed that he is no longer in possession of the underlying consulting agreement, documents, or data from the two clinical studies that he completed for GOLO. *Id.* ¶ 12. Finally, Dr. Buynak does not recall the details of the studies conducted five and six years ago, beyond the information printed in the publicly available published materials, and he does not have access to any documents to refresh his recollection. *Id.* ¶ 13. This weighs against the motion to compel, as Dr. Buynak cannot produce what he does not have. *Cf.* Fed. R. Civ. P. 45 (limiting

discovery requests to materials within the person's possession, custody, or control); *MDAdvantage Ins. Co. of N.J. v. Hasiuk*, 2018 WL 3328049, at *2 (E.D. Pa. July 6, 2018) (denying a motion to compel because an individual "cannot be compelled to provide information that does not exist").

*Third*, and similarly, the time period of Goli's request pertains not to current work done by Dr. Buynak, but rather work done years ago, in 2017 and 2018, at a time when Dr. Buynak worked at Buynak Clinical Research, instead of his current place of employment, Velocity Clinical Research. Buynak Decl. ¶¶ 2–3, 8. It is unduly burdensome to ask Dr. Buynak to try to testify to information he does not have and which was created five and six years ago.

*Fourth*, a significant burden would be imposed if this Court were to compel Dr. Buynak to testify. Dr. Buynak has already exerted the effort to search for and confirm that he has no materials related to his two published studies. Requiring him to do more and testify would significantly disrupt his work at Velocity Clinical Research and impact numerous others, including his patients. Dr. Buynak is the only principal investigator for Velocity Clinical Research in Indiana and the only medical doctor. *Id.* ¶¶ 5–6. There are currently 20 ongoing clinical trials at Valparaiso – Velocity Clinical Research. *Id.* ¶ 6. Dr. Buynak directly oversees more than twenty employees and is responsible for the health of the current study participants and his patients. *Id.* ¶¶ 6–7. Due to these significant responsibilities, Dr. Buynak works on site at Valparaiso – Velocity Clinical Research every day. *Id.* ¶ 7. Taking Dr. Buynak away from his important work at Velocity Clinical Research to probe for information that cannot be found would unduly burden Dr. Buynak and numerous third parties. *Id.*

*Fifth*, and finally, there is no need for this subpoena request. Goli can and already has obtained this information it needs. *See, e.g., Countryman*, 2012 WL 1143572, at *5 ("A party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it

from burdening a non-party with production of those same documents.") (citation omitted). GOLO's counsel previously explained to Goli that it "has copies of [Dr. Buynak's] studies, which were published, and are most appropriately a matter for expert discovery . . . ." Stover Decl. ¶ 14; Ex. D (meet and confer email).

That is exactly what Goli did. Specifically, it retained Dr. Cheskin as an expert on GOLO's claim substantiation. In an 85-paragraph, 27-page expert report, Dr. Cheskin criticizes every aspect of Dr. Buynak's published studies and never states that the absence of deposition testimony from Dr. Buynak has impaired, hindered, or affected in any way, his ability to opine as to GOLO's claim substantiation. Stover Decl. ¶¶ 17–18. To the contrary, Dr. Cheskin criticizes Dr. Buynak's studies at great length and with no reservations. *Id.* ¶ 18.

Goli's motion to compel amounts to more gamesmanship by seeking to burden Dr. Buynak and other parties with unnecessary discovery that would occur outside of the time period permitted by the Delaware Court. At this point in time, five-to-six- years post-study and in the absence of any underlying documents or data, all Dr. Buynak can do is opine as to the published reports themselves, *the same published reports that Dr. Cheskin read and opined on*. *Id.* ¶¶ 17–18. But that usurps the expert discovery process. Dr. Buynak has not read Dr. Cheskin's report (indeed, Goli designated it highly confidential) and he is not retained to be an expert witness in this case. *Id.* ¶¶ 16 & 19. Any deposition of Dr. Buynak at this point would improperly subject Dr. Buynak (as an unretained non-party) to cross-examination based on Dr. Cheskin's criticisms without Dr. Buynak having the benefit of seeing Dr. Cheskin's report and understanding the bases for his opinions. Goli's subpoena would impose a disproportionate burden on Dr. Buynak, not to obtain relevant information but instead to gain a tactical advantage in this litigation, at the expense of his patients.

13

Goli will have the benefit of expert reports and rebuttal expert reports to assess the adequacy of GOLO's marketing claims. Seeking non-party testimony now, well beyond the deadlines set by the Delaware Court, is improper.

## V. Conclusion

For the foregoing reasons, Dr. Robert Buynak requests the Court deny Goli Nutrition's motion to compel the production of documents and his deposition, and for all other just and proper relief.

Dated: February 10, 2023

Respectfully submitted,

/s/ *Sarah E. Brown*
Sarah E. Brown (35715-53)
Michael S. Bergerson, Jr. (35976-46)
BARNES & THORNBURG LLP
201 South Main Street, Suite 400
South Bend, Indiana 46601
Telephone: (574) 233-1171

*Attorneys for Non-Party*
*Dr. Robert Buynak*

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2023, I caused a true and correct copy of the foregoing document to be served on the counsel of record via the Court's electronic case filing system.

/s/ Sarah E. Brown